IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RONALD T. OSBORNE, JR and SHELLY L. OSBORNE, <br><br>Debtors. | Chapter 13 <br><br> Case No. 05-7212-SSC <br><br><br> MEMORANDUM DECISION <br> (Opinion to Post) |

## **I. Preliminary Statement**

This matter comes before the Court on the Debtors' June 24, 2005 Partial Objection to First Amended Proof of Claim by the Arizona Department of Revenue ("ADOR"). ADOR responded to the Objection on July 13, 2005. At a hearing held on August 16, 2005, the Court directed the parties to file further briefs. The Court held oral argument on the matter on October 26, 2005. At the conclusion of the hearing, the matter was deemed submitted.

In this Memorandum Decision, the Court has now set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the <u>Rules of Bankruptcy Procedure</u>. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2006).

1

## II. Factual Discussion

The parties have presented stipulated facts. The Debtors are husband and wife residing in the State of Arizona. The Debtors filed their Chapter 13 petition on April 26, 2005. The Debtors were the sole shareholders of a business known as Two GMS Auto., Inc. The business incurred transaction privilege tax liability ("TPT") to the Arizona Department of Revenue. The Debtors filed TPT returns for the following priority tax periods without remitting the payments to the Department: February 2003 - $277.01; November 2003 - $951.69; December 2003 - $855.20; February 2004 - $928.12; and March 2004 - $19.16. The returns were signed by the Debtors.

ADOR is seeking to hold the Debtors personally liable in their Chapter 13 proceeding for the amount of the TPT incurred by their corporation. According to ADOR, the basis of this liability is found under two statutes: A.R.S. §§ 42-5024[1] and 42-5028.[2] ADOR's argues that the Legislature intended to impose liability for taxes on merchants under A.R.S. § 42-5024 and on individuals who collect taxes from its customers but don't remit those taxes under A.R.S. § 42-5028. The Debtors disagree with ADOR's position, and argue that the Debtors cannot be held personally liable for the TPT incurred by their business. Specifically, the Debtors assert that the

---

[1] A.R.S. § 42-5024 (West 2005) provides:

Every tax imposed by this article and all increases, interest and penalties thereon shall become, from the time they are due and payable, a personal debt of the taxpayer to the state and may be collected by legal action under § 42-1114. Such remedy shall be in addition to existing remedies or those provided in this article.

[2] A.R.S. § 42-5028 (West 2005) provides:

A person who fails to remit any additional charge made to cover the tax or truthfully account for and pay over any such amount is, in addition to other penalties provided by law, personally liable for the total amount of the additional charge so made and not accounted for or paid over.

2

liabilities imposed by each statute are distinct and address different concerns of the legislature in assessing liability against a taxpayer. Therefore, the issue to be resolved by the Court is as follows:

>  A. Whether ARS §42-5028 directs that a responsible party of a corporate taxpayer be individually liable for the additional charges that the merchant should have accounted for and remitted to the State.

### III. Discussion

The state of Arizona has no sales tax. People of Faith Inc. v. Arizona Dept. of Revenue, 161 Ariz. 514 (Tax Ct. 1989). Arizona has adopted a transaction privilege tax, which is similar to a sales tax. Id.; In re Inselman, 334 B.R. 267 (Bankr. Ariz. 2005). There are two significant differences in the taxes: (1) a transaction privilege tax is levied taxpayer's receipts, rather than on each individual sale; and (2) the transaction privilege tax is levied on the seller. Inselman at 269. The transaction privilege tax is an excise tax on the privilege or right to engage in an occupation or business in the State of Arizona. Tower Plaza Investments Limited v. DeWitt, 109 Ariz. 248 (1973). Transaction privilege taxes are based on gross proceeds of sales or gross income. A.R.S. § 42-5008.

The legal consequence of the transaction privilege tax falls upon the seller. Industrial Uranium Co. v. State Tax Commission, 95 Ariz. 130 (1963). Pursuant to A.R.S. § 42-5024, the taxpayer, or seller in this case, is the entity personally liable to the state for taxes, such as the TPT. However, the seller may add the amount of the tax to the sales price at the time of the transaction as an "additional charge", thereby passing the economic burden of the tax onto the customer. Arizona State Tax Commission v. Garrett Corp., 79 Ariz. 389 (1955). Thus, the customer pays the purchase price of the item, plus the amount of the tax. Pursuant to A.R.S.§ 42-5028, when imposing such "additional charges", the merchant is still the party accountable to the state to pay and truthfully account for such amount. Therefore, the merchant is not allowed to profit at the expense of the customer under the guise of a compulsory tax. Arizona State Tax

3

1 Commission v. Garrett Corp., 79 Ariz. 389 (1955).  Accordingly, section 42-5028 imposes
2 liability for amounts collected in the form of an "additional charge" and requires such amounts
3 to be remitted to the ADOR. The question before the Court is on whom does the statute impose
4 the liability if the TPT is not remitted.

5 In construing a statute, the court first considers the statute's language; when the language
6 is not clear, the Court then determines the legislative intent. State v. Garcia, 189 Ariz. 510
7 (App.1997). The primary goal when interpreting a statute is to discern and give effect to the
8 legislative intent. People's Choice TV Corp., Inc. v. City of Tucson, 202 Ariz. 401 (2002) *citing*
9 Mail Boxes, Etc., U.S.A. v. Industrial Comm'n, 181 Ariz. 119, 121 (1995). The tax statutes are
10 interpreted strictly against the state, and any ambiguities are resolved in favor of the taxpayer.
11 Wilderness World, Inc. v. Department of Revenue State, 182 Ariz. 196 (1995). To that end, the
12 courts "construe the statute as a whole, and consider its context, language, subject matter,
13 historical background, effects and consequences, and its spirit and purpose." People's Choice TV
14 Corp., Inc. v. City of Tucson, 202 Ariz. 401 (2002) *citing* State ex rel. Arizona Dep't of Revenue
15 v. Phoenix Lodge No. 708, Loyal Order of Moose, Inc., 187 Ariz. 242, 247 (App.1996).

16 ADOR argues that the only way to interpret A.R.S. § 42-5028 is to hold the individual
17 responsible person of the corporation liable for the nonpayment of the TPT.  The Court
18 disagrees. No doubt, the State discovered that not all merchants were paying the taxes as directed
19 by Section 42-5024.  Hence, the legislature enacted Section 42-5028 to clarify that whether the
20 merchant advised customers of the tax or simply added an additional amount to the item sold, the
21 taxpayer merchant would be responsible for turning over the funds to the State as if it were a tax.
22 However, Section 42-5028 may only be read as if the term "person" refers to the taxpayer, which
23 in this case is a corporation.  The fact that the corporation is personally liable for the tax means
24 that the corporation has an "in personam" liability versus an "in rem" liability.

25 At oral argument, the parties also discussed an analogous provision under the Internal
26 Revenue Code, and the case law interpreting that provision, to support their respective positions.

4

However, when the Court inquired as to whether there was a true alignment between federal and state law, the parties were unable to discuss the matter further. Hence, this Court has undertaken the task of independently reviewing the provisions.

The parties compared Section 6672 of the Internal Revenue Code with Section 42-5028, with the State arguing that each Section provided for the "responsible party" of an entity to be independently liable to the governmental entity for the tax. Section 6672 is incorporated in Chapter 68 of the Internal Revenue Code, entitled "Additions To The Tax, Additional Amounts, and Assessable Penalties." The Chapter is divided into two subparts: additions to the tax, and the assessable penalties.

Several provisions concerning the filing of returns or the payment of the tax in Subpart A, under federal law, do not refer to a specific person or taxpayer that is responsible, rather the statements are in the passive voice, stating simply "a failure to file a return" or a "failure to pay a tax" shall result in a penalty or an additional amount to be paid or a person failing to take such action shall be responsible.[3] Thus, counsel for the Debtors' statement that the federal statutory scheme is specific as to whether the taxpayer or the officer or employee should be responsible for the additions to a tax is not correct.

However, while Section 6672 has language which is similar to that contained in Section 42-5028, there are important differences. For instance in Section 6672, Subpart B, concerning assessable penalties, Congress has set forth the Subchapter's separate definition of "person,"

---

[3] Section 6651 refers only to a failure to file a tax return or to pay a tax, with no specific person identified; Section 6652 refers to the "person" failing to file certain information returns or related documents, with Section 6652(h) referring to a "person failing to provide notice," and Section 6652(k) referring to a "person failing to make such a report;" Section 6653 refers to a person's failure to pay a stamp tax, with the definition of "person" as being set forth in Section 6671(b). Of course, some provisions are specific, such as Section 6652(c), which refers to exempt organizations, Section 6654 which refers to a failure of an individual to pay an estimated income tax and specifically describes actions to be taken by the "taxpayer"(see, for instance, Section 6654(g)), or Section 6655, which refers to the underpayment of an estimated tax by a corporation.

5

which includes an "officer or employee of a corporation, or a member or employee of a partnership who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." Of critical importance is the language "under a duty to perform." It is clear, at least under federal law, that not all employees of a corporation or partnership will be liable for penalties that are assessed for a failure to file a return or take other required action under the law. The Debtors' counsel did not focus on this specific provision, but it appears to be critical to his case. Hence, federal law, through a number of Sections, specifically defines the duties and responsibilities of responsible persons of entities, and the requirement that they separately account for, and pay over, a tax or additional charge or they will be personally liable. Federal case law over a prolonged period of time also clearly identifies the duties and responsibilities of a responsible person. In the decision of <u>Purcell v. U.S.</u>, 1 F.3d 932 (9th Cir. 1993), the sole authorized signatory on the company's checking account, who also was the company's president and sole shareholder, was held to be liable under Section 6672 even though he had hired a chief financial officer to whom he delegated all financial matters. What is distinguishable about <u>Purcell</u> is the federal statute which states that the person is required to collect or truthfully account for the tax, and that the person has willfully failed to so act. Under such circumstances, it is logical that such willful failure to perform will result in personal liability being assessed against the corporate officer. Arizona law does not have a similar safeguard. <u>In re Inselman</u>, 334 B.R. 267 (Bankr. Ariz. 2005). Moreover, when the Arizona legislature wanted to hold an individual of an entity responsible, such as the partner in a partnership, it so stated in the statute. The Court is reluctant to extend the reach of the Arizona Section, in this matter, when the legislature could have clarified the issue.

In the recent decision of <u>In re Inselman</u>, 334 B.R. 267 (Bankr. Ariz. 2005), the Court was faced with the exact issue before this Court. The ADOR sought to hold a Chapter 11 debtor liable for transaction privilege taxes, incurred by a company of which she had been a manager. As the manager, the debtor had been responsible for both collecting and remitting to the

6

Case 2:05-bk-07212-SSC   Doc 70   Filed 03/30/06   Entered 03/30/06 08:39:39   Desc
Main Document    Page 6 of 7

Department the company's transaction privilege taxes. ADOR filed a priority claim for the TPT liability, asserting that A.R.S. § 42-5028 imposed liability on the debtor, as she was the one responsible for paying the company's TPT taxes. The Court in <u>Inselman</u> disagreed and similarly analyzed Section 6672 as this Court has done, and held that the Arizona transaction privilege tax statutes contain no comparable provision. The Court, therefore, concluded that A.R.S. § 42-5028 imposes liability only upon the merchant/taxpayer who engages in the transactions that give rise to the tax, and not upon the officers, employees or agents of such separate business entity. <u>Id</u>. at 271. This Court agrees and so holds in this case.

## IV. Conclusion

Based upon the foregoing, the Debtors' Partial Objection to the First Amended Proof of Claim is sustained.

DATED this 30th day of March, 2006.

*[signature]*

Honorable Sarah Sharer Curley
U. S. Bankruptcy Judge

7