IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>RONALD T. OSBORNE and<br>SHELLY L. OSBORNE,<br><br>        Debtors. | Chapter 13<br><br>Case No. 05-7212<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

## **I.  Preliminary Statement**

        This matter comes before the Court pursuant to a "Motion for Reconsideration of Memorandum Decision and to Request Court to Certify Question to the Arizona Supreme Court" ("Motion for Reconsideration"") filed by the Arizona Department of Revenue ("ADOR") on April 10, 2006.  On April 11, 2006, the Debtors filed "Debtors' Response to Motion to Reconsider Memorandum Decision and to Request Court to Certify Question to the Arizona Supreme Court" ("Response").  On April 19, 2006, the ADOR filed its "Reply to Debtors' Response to Motion to Reconsider Memorandum Decision and Request Court to Certify Question to the Arizona Supreme Court" ("Reply").  The Motion for Reconsideration is based on this Court's Memorandum Decision issued March 30, 2006. (the "Decision")  The ADOR made no request for a hearing in this matter.  The Court was not aware of the Motion for Reconsideration until it received a phone call from Debtors' counsel inquiring as to the status of the Motion.[1]  The Court has now reviewed the Motion for Reconsideration and has reached its decision.

---

  **1** Because the Arizona Bankruptcy Court is a "paperless court," a motion which is electronically filed by the attorney requires the attorney to notify the court of the filing pursuant to General Orders of the Court, as amended.  The Court does periodically search its entire database for unresolved matters, but this is a time consuming effort which takes some time to uncover and resolve.

In this Memorandum Decision, the Court has set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the <u>Rules of Bankruptcy Procedure</u>. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2006).

## II. Discussion

Fed. R. Civ. P. 59 lists the grounds for motions filed under it as being "any of the reasons for which new trials have heretofore been granted . . ." FRCP 59(a). This section has generally been interpreted to provide three grounds for granting Fed. R. Civ. P. 59 motions: (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence. <u>School Dist. No. IJ Multnomah County, OR v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>In re Gurr</u>, 194 B.R. 474 (Bankr.D.Ariz. 1996). A motion for reconsideration is not specifically contemplated by the Federal Rules. To the extent it is considered by the Court, it is under Fed. R. Civ. P. 59(e) to alter or amend an order or judgment. <u>In re Curry and Sorensen, Inc.</u>, 57 B.R. 824, 827 (Bankr. 9th Cir. 1986).

Reconsideration is appropriate if the court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or there is an intervening change in controlling law. <u>School Dist. No. IJ Multnomah County, OR v. AcandS, Inc.</u>, 5 F.3d 1255,1263 (9th Cir. 1993). A motion for reconsideration may properly be denied when the motion fails to state new law or facts. <u>In re St. Paul Self Storage Ltd. Partnership</u>, 185 B.R. 580 (9th Cir.BAP 1995).

The ADOR requests the Court to reconsider its Decision on three grounds: 1) no Arizona appellate court has yet interpreted the Arizona statutes that were considered in this case; 2) the Court's interpretation is inconsistent with the Arizona Tax Court decisions; and 3) the Court's decision is inconsistent with the Arizona state tax statutes.

The Court incorporates the factual discussion as set forth in its Decision, which reflects that the facts were undisputed. Rather, the parties requested a legal interpretation of

A.R.S. §42-5028. Did that provision require an individual shareholder of a corporate taxpayer be liable for the additional charges that the merchant should have accounted for and remitted to the State. The Court, relying in part on In re Inselman, 334 B.R. 267 (Bankr. Ariz. 2005), held that "A.R.S. §42-5028 imposes liability only upon the merchant/taxpayer who engages in the transaction that gives rise to the tax, and not upon the officers, employees or agents of such separate business entity." Memorandum Decision at p. 7.

Now the ADOR alleges that this Court was not the proper court to interpret and apply §42-5028. The ADOR requests that this Court certify the question to the Arizona Supreme Court pursuant to A.R.S. §12-1861 which states:

> The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or a tribal court when requested by the certifying court if there are involved in any proceedings before the certifying court questions of law of this state which may be determinative of the cause then pending in the certifying court and to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the intermediate appellate courts of the state.

The State of Arizona does accept certified questions from the Bankruptcy Court. In re Krohn, 203 Ariz 205, 206 (Ariz. 2002). However, for this Court to certify a question, it must first conclude that there is a "cause...pending in the certifying court."

The term "pending" is defined as "remaining undecided; awaiting decision". Black's Law Dictionary 1169 (Bryan A. Garnder ed., 8th ed., West 2004). Here, there is no cause pending. The "cause" before the Court began with the "Partial Objection by Debtors to First Amended Proof of Claim " filed by the ADOR on June 24, 2005. The cause remained pending for several months during the course of the hearings, motions and the oral argument conducted on October 26, 2005. However, once the Court issued its Decision, there was nothing remaining undecided or awaiting decision. Thus, this Court must deny ADOR's current request for certification as being untimely.

Assuming, that the Court did consider the matter still pending, the ADOR does not meet the statutory requirements of A.R.S. §12-1861. For a question to be certified, it must "[appear] to the certifying court there is no controlling precedent in the decisions of the

3

supreme court and the intermediate appellate courts of the state." Here, the Court has found sufficient controlling precedent. In the Court's Decision, it explores, interprets and applies Arizona law extensively. The Court considered several Arizona court decisions as they applied to the transaction privilege tax.[2] Therefore, Arizona law is sufficiently well developed on the matter to negate certification to the Arizona Supreme Court, and the ADOR's request must be denied

Next, the ADOR refers to existing unpublished Arizona Tax Court decisions that have reached a contrary decision to this Court's Decision. The federal courts may consider unpublished decisions pursuant to U.S.Ct. of App. 9th Cir. Rule 36-3, 28 U.S.C.A., "however such decisions are not binding and are at most persuasive authority." In re Van Wagoner Funds, Inc. Securities Litigation, 382 F.Supp.2d 1173, 1182 fn. 5 (N.D.Cal 2004) (internal citations omitted).[3] This Court has reviewed the electronic docket and can find no

---

**2** See pages 3 and 4 of the Decision in which the Court cited to People of Faith Inc. v. Arizona Dept. of Revenue, 161 Ariz. 514 (Tax Ct. 1989); Tower Plaza Investments Limited v. DeWitt, 109 Ariz. 248 (1973); Arizona State Tax Commission v. Garrett Corp., 79 Ariz. 389 (1955); State v. Garcia,189 Ariz. 510 (App.1997); People's Choice TV Corp., Inc. v. City of Tucson, 202 Ariz. 401 (2002); Mail Boxes, Etc., U.S.A. v. Industrial Comm'n, 181 Ariz. 119, 121 (1995); Wilderness World, Inc. v. Department of Revenue State, 182 Ariz. 196 (1995); State ex rel. Arizona Dep't of Revenue v. Phoenix Lodge No. 708, Loyal Order of Moose, Inc., 187 Ariz. 242, 247 (App.1996); A.R.S. § 42-5008; A.R.S. § 42-5024; and A.R.S.§ 42-5028

**3** Rule 36-3 states:
    (a) Not Precedent. Unpublished dispositions and orders of this Court are not binding precedent, except when relevant under the doctrine of law of the case, res judicata, and collateral estoppel.
    (b) Citation. Unpublished dispositions and orders of this Court may not be cited to or by the courts of this circuit, except in the following circumstances.
    (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case, res judicata, or collateral estoppel.
    (ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.
    (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel

4

previous references by the ADOR to these unpublished decisions. Moreover, even in its current Motion, the ADOR does not reference or attach these specific unpublished decisions. Even if the ADOR had made the cases available to this Court, at this point in the proceedings, the Court is under no obligation to consider these decisions.

Finally, another Arizona bankruptcy court judge in the decision of <u>In re Inselman</u>, *supra*, faced precisely the same issue as this Court. As noted in the Decision, the <u>Inselman</u> Court, using similar reasoning, reached the same conclusion as this Court in the current matter. This Court has reviewed the electronic docket in the <u>Inselman</u> matter. <u>The Inselman</u> matter was taken under advisement on October 27, 2005, the day after this matter was taken under advisement. No motion for reconsideration was filed; no request for certification was made.[4] A motion for reconsideration may properly be denied when the motion fails to state new law or facts. *See* <u>In re St. Paul Self Storage Ltd. Partnership</u>, *supra*. As such, the Motion for Reconsideration is denied.

### III. Conclusion

Based upon the foregoing, the Court concludes that the ADOR's Motion for Reconsideration is without merit. There is no pending cause before the Court, and there is sufficient precedent under Arizona law for this Court to reach its decision. Accordingly, certifying a question to the Arizona Supreme Court is inappropriate. Moreover, the ADOR has failed to show that this Court misinterpreted Arizona tax law concerning the matter at

---

rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.
(c) Attach Copy. A copy of any cited unpublished disposition or order must be attached to the document in which it is cited, as an appendix.

**4** The Court finds it curious that a request for certification and a request that this Court follow unpublished decisions is made only in this matter. In any event, the ADOR has set forth no new issues of law or fact for the Court to consider.

5

Case 2:05-bk-07212-SSC    Doc 81    Filed 07/28/06    Entered 07/28/06 14:32:43    Desc
Main Document    Page 5 of 6

hand. As such, the ADOR has failed to meet its burden in persuading the Court to reconsider its Decision.

Therefore, the Motion for Reconsider and Request to Certify Question is DENIED.

DATED this 28th day of July, 2006.

*[signature]*

Honorable Sarah Sharer Curley
U. S. Bankruptcy Judge